THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PRUDENCIO ITURRINO DE JESÚS, Defendant and Appellant.

No. CR-63-39.        Decided June 26, 1964.

---

688

Santos P. Amadeo and Francisco García Quiñones for appellant. Rodolfo Cruz Contreras, Acting Solicitor General, and Jenaro Marchand, Assistant Solicitor General, for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Appellant Prudencio Iturrino de Jesús was accused of killing Isabelo Rodríguez Pérez. At the trial he testified that he killed in self-defense and presented the testimony of other persons to support said plea. But the jury found him guilty of voluntary manslaughter and he was ordered to serve 5 to 10 years in the penitentiary, the effects of which sentence were suspended pursuant to Act No. 259 of April 3, 1946 (34 L.P.R.A. § 1026 et seq.). On appeal he assigns the following errors:

I.—That the following instruction is erroneous:

"Self-defense is subject to certain rules and requisites. In the first place, it is necessary that the person who invokes the benefit of self-defense is not responsible for the conflict to which he was led and which resulted in the death of the other person. That is: not having taken any participation in the conflict in

which the killing was originated." (Tr. Ev. 28, Instructions to the Jury.)

It is argued that said instruction is in conflict with the principle that a previous aggression on the victim by defendant does not necessarily preclude the possibility that defendant might subsequently kill in self-defense. *Rowe* v. *United States*, 164 U.S. 546 (1896); *People* v. *Button*, 39 Pac. 1073 (Cal. 1895).

■ Not only is the evidence adduced in this case conflicting, but an examination thereof presents a series of incongruencies and contradictions in the witnesses' testimonies for both parties as well as in the narration of several witnesses for the defense. The Solicitor General states that even assuming that the instruction was erroneous, appellant was not prejudiced by the same "because there is no evidence [as actually there is none] that he had initiated the quarrel or fight and that during the same he had killed the victim." There was a previous incident between appellant and the deceased prior to the incident which resulted in the killing of Rodríguez Pérez. In a certain sense there was evidence indicating the fact that appellant, on the first occasion, slapped Rodríguez' face; but there was no evidence to prove that he did it without justification. No one offered a possible explanation of said fact. Appellant's witnesses were not contradicted as to their version that defendant acted in the first incident in defense of a boy whom Rodríguez assaulted. Therefore, it is not possible to presume that the jury decided, without any basis in the evidence, that the supposed slap was an abusive act of defendant and, therefore, the latter had lost his right to maintain that he acted in self-defense. It can only be inferred from all the evidence that the jury found appellant guilty on the basis of considerations completely alien to the instruction challenged. Hence, we decide that although said instruction should have been qualified more carefully, the

same was not prejudicial to appellant. *People* v. *Túa*, 84 P.R.R. 37, 58, 59 (1961). Furthermore, said instruction was never challenged nor was clarification of the same requested. *People* v. *Pimentel Camacho*, 89 P.R.R. 132 (1963) ; *People* v. *Pacheco*, 83 P.R.R. 505, 511 (1961).

■ II.—That the trial court "erred in instructing the jury on the failure to present in evidence the police blotter of Police Headquarters in Cataño, and the person who brought said document." It is assigned that the trial judge erred in deciding that the presumption established by § 102, subd. 5 of the Law of Evidence (32 L.P.R.A. § 1887), is applicable to criminal cases.

Apart from the fact that the instruction was not challenged said assignment lacks merit. Under similar circumstances, we so decided in *People* v. *Cotto Torres*, 88 P.R.R. 22 (1963).

III.—"The trial court erred in not permitting the introduction in evidence of the fact that the principal witnesses of The People as well as the deceased belonged to a gang of rascals [known as 'Las Moscas'] for the purpose of proving that said witnesses were biased, as well as the bad reputation of the latter."

■ If said error was committed, it evidently did not prejudice appellant. In relation to the deceased, a stipulation of the parties which contained a series of offenses for which the victim was found guilty was presented to the jury. Furthermore, ample evidence was introduced as to the dangerous character of the deceased and one of the most reliable witnesses accused him of being a *bandit*. Appellant cannot complain of not being able to exploit further the reputation of the deceased. As to the witnesses for the prosecution, defendant also had the opportunity to convey, *as he actually did,* to the minds of the gentlemen of the jury the element of distrust toward said witnesses which he intended to raise.. More than once he referred to them as

"Las Moscas" and also some witnesses for the defense testified that the group of persons who took the dying man to the hospital, *among which were the witnesses for the prosecution,* was the group "Las Moscas." We understand that the jury was saturated with facts about the relation of the witnesses for the prosecution with a gang known as "Las Moscas."

■ IV.—The trial court "erred in giving a conflicting instruction as to the right of self-defense.

Said assignment is frivolous. The instruction in question is the following:

"In the third place: it is necessary that defendant should fail to have any other means to avoid the attack except by killing his adversary, that is, that no other reasonable and probable means for avoiding said killing was available to him. It is convenient to instruct you that a person attacked by another is not bound to run away, hide or run on the streets or roads to protect himself from his aggressor. If you believe that all these requisites have been complied with in this case, then self-defense has been properly established." (Tr. Ev. 29, 2d part.)

What the trial judge actually said was "that no other *reasonable* and probable means of avoiding said death was available to him." (Italics ours.) The second part of the instruction correctly states that, as a question of law, running away upon being assaulted is not among the reasonable means provided by law to be used prior to answering the aggression. Rather than contradicting each other, both parts of the instruction are complementary. *People* v. *Túa, supra*; *People* v. *Pacheco, supra* at 512.

V.—"The trial court erred in permitting the prosecuting attorney to ask a witness on the reputation of defendant as to the accusations which had been filed against defendant, but for which offenses he was not found guilty, or the cases had been dismissed."

■ The questions about accusations made to witness Juan Román were challenged and the objections were sustained by the trial court. There was nothing to "erase" or "cure" from the minds of the jurors as to said incident because the testimony of said witness was beneficial to appellant. Lieutenant Costas' answer to similar questions were favorable to appellant because said witness testified that he not only had knowledge of the offenses charged to appellant to which the prosecuting attorney referred (it occurred after appellant had testified in self-defense and offered proof of good reputation), but also, on the other hand, defendant enjoyed good reputation to the extent that the witness recommended that a license be granted to him "to have and possess said firearm."

In any event, the questions were admissible because they were aimed at establishing evidence relating to the previous offenses to controvert what was said in the direct examination about appellant's good reputation. *People* v. *Archeval*, 74 P.R.R. 478, 483 (1953).

VI.—"The verdict being contrary to the evidence it is null and void because defendant's version of the occurrence of death is the correct one according to the surrounding circumstances of the case."

■ Said assignment is evidently frivolous. As the record is full of contradictions, it was incumbent on the jury to settle the conflict in the evidence, either believing one or the other party or favoring an eclectic hypothesis of the evidence adduced by each party. Under said circumstances, our intervention in the decisions as to the facts at which the trier arrived is not proper. *People* v. *Aponte*, 83 P.R.R. 491, 450 (1961); *People* v. *Muñiz*, 73 P.R.R. 298, 309 (1952).

The judgment rendered in this case by the Superior Court, Bayamón Part, on May 23, 1962 will be affirmed.

Mr. Chief Justice Negrón Fernández concurs in the result.